UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENNY R. JOHNSON, | ) |
|     Plaintiff, | ) Case: 1:22-cv-03491 |
| v. | ) |
| HEALTH CARE SERVICE CORPORATION dba BLUE CROSS BLUE SHIELD OF ILLINOIS, | ) Jury Trial Demanded |
|     Defendant. | ) |

## COMPLAINT

Plaintiff, Penny R. Johnson ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Health Care Service Corporation d/b/a Blue Cross Blue Shield of Illinois ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") and Illinois Human Rights Act (775 ILCS5/) ("IHRA") seeking redress for Defendant's failure to provide reasonable accommodations under the ADA, and also terminating Plaintiff's employment on the basis of her disability and in retaliation for her attempting to assert her rights under the ADA and IHRA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. This Court has pendent jurisdiction and supplementary jurisdiction of Count IV through 28 U.S.C. Sec. 1367.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*., have occurred or been complied with.

6. A charge of employment discrimination on the basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of the receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Penny R. Johnson, resides in Du Page County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Health Care Service Corporation dba Blue Cross Blue Shield of Illinois, is a corporation doing business in and for Du Page County whose address is 1000 East Warrenville Road, Naperville, IL 60563.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

12. Plaintiff was hired by Defendant on or about September 27, 2021.

13. Plaintiff is a "qualified individual" as defined under the ADA.

14. During Plaintiff's interview, she requested reasonable accommodations.

15. On or around September 23, 2021, Plaintiff provided Defendant with her medical notice which included a request for reasonable accommodations to have someone take notes for her during training and to alternate between sitting and standing.

16. Defendant indicated that they would install a sit/stand workstation at her assigned cubicle but that they were on back-order so she could alternate between sitting and standing in the training room.

17. Defendant denied Plaintiff's request to have someone help as note-taker during orientation and training.

18. Once Plaintiff began her training, Defendant indicated that Plaintiff could use a tape recorder to record the training sessions but no tape recorder was ever provided to Plaintiff.

19. Furthermore, when Plaintiff tried to explain that using a tape recorder was not a feasible option because she had to wear a headset for training so a tape recorder would not pick up the audio instruction, Defendant ignored Plaintiff's pleas for reasonable accommodation and told her that she "needs to be independent".

20. Plaintiff is confined to a wheelchair due to her disability.

21. The position Plaintiff was hired for was a data entry job which she is capable of performing without accommodations; Plaintiff only needed assistance throughout the training period.

22. However, on Plaintiff's second day of training, her manager, Tammy, told Plaintiff that she did not believe that Plaintiff would be able to do the job.

23. During training, the instructor was going too fast so Plaintiff asked her to please slow down but the instructor refused and said that Plaintiff was asking too many questions.

24. However, several of Plaintiff's non-disabled coworkers would ask for help and ask the instructor to slow down and their requests were granted without question.

25. In fact, when Plaintiff asked one of the instructors for help, he spent the entire afternoon helping one of her non-disabled coworkers and never came back to help Plaintiff.

26. Defendant would constantly compare Plaintiff to her non-disabled coworkers and tell her that she needed to keep up with them, but refused to provide Plaintiff with the same level of support they provided to non-disabled employees.

27. When Plaintiff asked Instructor Jenny Hudson for help, her response was, "then maybe this isn't the job for you."

28. When Plaintiff reported her need for more assistance and the lack of support in training to her supervisor, Instructor Jenny Hudson just kept telling Plaintiff that she needed to be independent and stop asking questions.

29. Plaintiff reached out to Human Resources ("HR") in October 2021 about management's reluctance to provide accommodations but HR ignored Plaintiff's complaint.

30. Not only did Defendant's training staff refuse to answer Plaintiff's questions or provide the assistance she requested, they even instructed Plaintiff's coworkers to not help her. When any of Plaintiff's coworkers would try to help her, Defendant's training staff would tell them they were not allowed to.

31. Plaintiff's manager would constantly demean her based on her disability in front of her coworkers, telling her to stop asking questions, concentrate, do what she is told, and to stop asking for help. None of Plaintiff's non-disabled coworkers were ever treated this way.

32. Before Plaintiff could complete the training program, Defendant unlawfully terminated her employment on January 27, 2022, allegedly for under-performing.

33. Regardless of Plaintiff's disability, she is qualified to perform the essential functions of the job, with or without reasonable accommodation.

34. Had Plaintiff been provided accommodations and not discriminated against, she would have proven that her being in a wheelchair and having Cerebral Palsy does not define her limitations in the workplace.

35. Plaintiff was subjected to disparate treatment, discriminatory conduct, and retaliatory conduct based upon her disability.

36. Defendant failed to engage in the interactive process to determine whether a reasonable accommodation was warranted.

37. Defendant failed to provide a reasonable accommodation and terminated Plaintiff's employment based upon her disability.

38. Plaintiff engaged in statutorily protected activity and then was terminated in retaliation for such protected activity.

39. There is a causal connection between the activity and the adverse job action including but not limited to the close relation in time of the protected activity and termination.

40. The purported justification for termination was pre-text for unlawful discrimination based on disability.

## COUNT I
### Violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.
### Disability Discrimination

41. Plaintiff repeats and re-alleges paragraphs 1-40 above as though fully set forth herein.

42. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

43. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

44. Plaintiff is a member of a protected class under the ADA, due to her disability.

45. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

46. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violations of the Illinois Human Rights Act (775 ILCS5/) ("IHRA")
### Disability Discrimination

47. Plaintiff repeats and re-alleges paragraphs 1 through 40 as though fully set forth herein.

6

48. This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. Sec. 1367.

49. Plaintiff was and is an individual with a disability within the meaning of the IHRA at all times relevant to this lawsuit.

50. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and discriminated against Plaintiff of the basis of her disability in violation of the IHRA.

51. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected rights.

52. Defendant's acts were willful and in reckless disregard of Plaintiff's protected rights.

53. Defendant knew, or should have known of the unlawful discrimination.

54. Plaintiff has suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

55. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination.

56. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions.

57. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under the IHRA.

## COUNT III
### Violations of the Americans with Disabilities Act
### Retaliation

58. Plaintiff repeats and re-alleges paragraphs 1 through 40 as though fully set forth

herein.

59. Defendant terminated Plaintiff's employment in retaliation for engaging in protected activity in violation of the ADA.

60. By virtue of the conduct alleged herein, Defendant intentionally retaliated against Plaintiff based on her disability, in violation of the ADA.

61. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

62. Plaintiff is a member of a protected class under the ADA, due to her disability.

63. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

64. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

65. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
**Violations of the Illinois Human Rights Act (775 ILCS5/) ("IHRA")**
**Retaliation**

66. Plaintiff repeats and re-alleges paragraphs 1 through 40 as though fully set forth herein.

67. This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. Sec. 1367.

68. Plaintiff was and is an individual with a disability within the meaning of the IHRA at all times relevant to this lawsuit.

69. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and retaliated against Plaintiff of the basis of her disability in violation of the IHRA.

70. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected rights.

71. Defendant's acts were willful and in reckless disregard of Plaintiff's protected rights.

72. Defendant knew, or should have known of the unlawful retaliation.

73. Plaintiff has suffered emotional pain and mental anguish as a direct result of Defendant's unlawful retaliation.

74. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful retaliation.

75. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and retaliatory actions.

76. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under the IHRA.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

      b.      Payment of interest on all back pay recoverable;

      c.      Front pay;

      d.      Loss of benefits;

      e.      Compensatory and punitive damages;

      f.      Reasonable attorneys' fees and costs;

      g.      Award pre-judgment interest if applicable; and

      h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 6th day of July, 2022.

                                              */s/ Nathan C. Volheim, Esq.*
                                              **NATHAN C. VOLHEIM, ESQ.**
                                              IL Bar No.: 6302103
                                              **SULAIMAN LAW GROUP LTD.**
                                              2500 S. Highland Avenue, Suite 200
                                              Lombard, Illinois 60148
                                              Phone (630) 568-3056
                                              Fax (630) 575 - 8188
                                              nvolheim@sulaimanlaw.com
                                              *Attorney for Plaintiff*